NORTHERN BANK OF KENTUCKY ET AL *v.* CLAYTON ANDERSON'S
ADMR. ET AL.

**Lien—Purchase Money Note—Creditor's Rights.**

A note, executed by a purchaser of land at foreclosure sale, to the trustee in the sale, for moneys advanced with which to discharge the purchase, does not become a lien on the land to the exclusion of creditors of the purchaser.

**Same—Vendor and Purchaser.**

The relation of vendor and purchaser would not exist upon the mere verbal agreement that by said advancement, they would become co-purchasers.

APPEAL FROM GARRARD CIRCUIT COURT.

January 22, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

In a suit in equity prosecuted by Clayton Anderson, as trustee under a deed of assignment, made by William Lester for the benefit of his creditors, a tract of about 400 acres of land was sold by a commissioner, and ostensibly purchased by Aralin J. Jennings, who executed, and subsequently satisfied, his bonds as purchaser, as required by the judgment directing the sale, and the sale having been confirmed, a commissioner was appointed for the purpose of conveying the title to Jennings, but the conveyance was not made.

It appears that when Jennings became the purchaser of the land, said Anderson agreed to assist him in paying for it, and it was further verbally agreed between him and Jennings that if the latter could not refund to him the money he should so furnish, he should have the rights of a joint purchaser of the land with Jennings, and under this arrangements he advanced about $7,000 of the price of the land, near $2,000 of which were repaid to him by Jennings, who executed his note for the residue, which is as follows:

> $5,000.   One day after date, I promise to pay Clayton Anderson five thousand dollars borrowed money, August 13 day, 1859.
> "A. J. Jennings."

Afterwards several creditors of Jennings brought suits against him and sued out attachments against his property, which were levied on his equitable title to the land, and Anderson being made a party to these suits, which were constituted as the holder of the legal title, as trustee of Lester, filed an answer and cross-petition, exhibiting said debt and asserting a prier lien therefor upon the land, which the court, on a final hearing adjudged, and the creditors have appealed to this court.

Waiving the question whether Anderson, in his position of trustee and fiduciary of Lester's creditors, could lawfully have been co-purchaser with Jennings, and conceding that notwithstanding the form of the said note, it was intended by both parties that it should have a lien on the land, we are of the opinion that the transaction was not such as to constitute an available lien on the land, as against the attacing creditors of Jennings.

Whether on the failure of Jennings to repay to Anderson the money advanced by him, the latter might not have enforced, in a court of equity, the parol agreement to admit him as a co-purchaser of the land, with Jennings, he could not by a mere verbal agreement with Jennings, acquire the lien of a vendor of the land, as security for the note which he elected to take, for a balance of the money advanced. The facts do not authorize the deduction that the relation or co-relative rights of vendor and vendee, existed between the parties, but the arrangement, as we construe it, was rather an attempt to invest Anderson, by a parol contract, with the rights of a mortgagee, as security for his debt.

Wherefore, the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Dunlap, Owsley & Burdett,* for appellants.

*Hill & Alcorn,* for appellees.